IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

KENNETH RAY PITTS
ADC #85938                                                                                      PLAINTIFF

v.                              Case No. 5:16-cv-00289-KGB/PSH

PATRICK S. DRUMMOND, *et al.*                                                    DEFENDANT

## ORDER

The Court has received Proposed Findings and Recommendation ("Recommendation") from United States Magistrate Judge Patricia S. Harris (Dkt. No. 4). In response, plaintiff Kenneth Ray Pitts has filed a motion for disposition, which the Clerk construes as an objection to the Recommendation (Dkt. No. 5). Mr. Pitts filed his complaint on September 9, 2016, alleging that the defendants acted with malice and conspired with federal and local officials to deprive Mr. Pitts of life, liberty, property, equal protection, and due process of law and to punish Mr. Pitts by denying him medical treatment (Dkt. No. 2). Also pending before the Court is Mr. Pitts's motion for leave to proceed *in forma pauperis* (Dkt. No. 1). After careful review of the Recommendation and the objection thereto, as well as a *de novo* review of the record, the Court concludes that the Recommendation should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects.

The Court writes separately to address Mr. Pitts's objection. Mr. Pitts states that his complaint should not be dismissed because he is in imminent danger of serious physical injury due to his left knee "slipping, popping, and locking up" (Dkt. No. 5, at 2). Mr. Pitts states that he has experienced some degree of pain and that he "could lose a left knee and be crapper [sic] for the rest of [his] life" (*Id*., at 3). He also states that his knee issues are causing swelling, back pain, and prevent him from wearing shoes that are not orthotic. Under the three strike provision of the Prison

Litigation Reform Act ("PRLA"), a prisoner may not bring a civil action *in forma pauperis* if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Cases where the Eighth Circuit has found imminent danger include when an inmate alleged that prison officials continued to place him near inmate enemies despite two prior stabbings and when an inmate alleged deliberate indifference to his serious medical needs that resulted in five tooth extractions and a spreading mouth infection that resulted in two additional extractions. *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

Records in the office of the Clerk of Court for the Eastern District of Arkansas reveal that Mr. Pitts has filed three prior civil actions that have been dismissed for failure to state a claim upon which relief may be granted. *See Pitts v. Moore et al,* ED/AR No. 4:06-cv-01305; *Pitts v. Johnson et al,* ED/AR No. 5:99-cv-00071; *Pitts v. Brownlee et al,* ED/AR No 5:99-cv-00178. Accordingly, Mr. Pitts must show that he is in imminent danger of serious physical injury to proceed *in forma pauperis*. Mr. Pitts fails to meet this burden. The Court agrees that, taken as true, Mr. Pitts has pled evidence of physical pain due to his left knee issues. However, these issues are being treated and monitored by medical professionals. Mr. Pitts has been given pain medication, a knee sleeve, orthotic shoes, and an injection to treat his knee condition, and he has seen an outside physician. Moreover, x-rays of Mr. Pitts's knee showed only mild osteoarthritis. Because of this, Mr. Pitts has failed to show that he is in danger of serious physical injury, and his complaint is dismissed.

It is therefore ordered that:

1. Mr. Pitts's motion for leave to proceed *in forma pauperis* is denied (Dkt. No. 1).

2. Mr. Pitts's complaint is dismissed without prejudice. If Mr. Pitts wishes to continue this case, he must submit the filing and administrative fees of $ 400.00 to the Clerk of the Court, noting the above case style number, within thirty (30) days of the case's dismissal, along with a motion to reopen the case. Upon receipt of the motion and full payment, this case shall be reopened.

3. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and the accompanying judgment would not be taken in good faith.

So ordered this 25th day of October 2017.

_____
Kristine G. Baker
United States District Judge